IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**M.A.,**

   *Plaintiff*,                                                                             *

   v.                                                                                   *          **Civil Case No: 1:24-cv-02040-JMC**

**U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,**

                                                                                         *

   *Defendants.*

       *    *    *    *    *    *    *    *    *    *    *    *

### **MEMORANDUM OPINION AND ORDER**

Plaintiff filed the instant lawsuit on July 15, 2024, against the U.S. Citizenship and Immigration Services ("USCIS"), Ur Jaddou as Director of the USCIS, and Antonio Donis as Director of the Arlington Asylum Office of USCIS, challenging Defendants' allegedly unlawful delay in adjudicating Plaintiff's Form I-589 application for asylum. *See generally* (ECF No. 1). Simultaneous with his Complaint, Plaintiff also filed a Motion to Proceed Under Pseudonym, which is presently before the Court. (ECF No. 7). Of note, no counsel of record has entered an appearance for any of the Defendants and there is no indication that Plaintiff has served any Defendant with the instant Complaint. For the reasons that follow, Plaintiff's motion will be granted without prejudice to Defendants to challenge Plaintiff's use of a pseudonym once Defendants have appeared in this action.

"Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all of the parties." *K.I. v. Tyagi*, No. 1:23-CV-02383-JRR, 2024 WL 342899, at *1 (D. Md. Jan. 30, 2024). "In exceptional circumstances, however, the court may allow a party to proceed pseudonymously." *Id.* But before granting a request to proceed pseudonymously, "the district court has an independent obligation to ensure that extraordinary circumstances support such a

request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *N.C. by J.C. v. Bd. of Educ. of Balt. Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293, at *1 (D. Md. Apr. 29, 2024) (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014)).  This Court considers five factors when deciding motions to proceed by pseudonym: (1) whether "the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties"; (3) "the ages of the persons whose privacy interests are sought to be protected"; (4) "whether the action is against the government or private entity"; and (5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."  *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (citing *Pub. Citizen*, 749 F.3d at 238).

A district court's ruling on a motion to proceed pseudonymously is reviewed "only for abuse of discretion."  *Id.* at 210.  Such an abuse of discretion occurs when the Court either: (1) "acts with a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if neither by rule nor discretion"; (2) "fails to adequately take into account judicially recognized factors constraining its exercise of discretion"; or (3) "when [the Court's] reasoning is flawed by erroneous factual or legal premises."  *Id.* (quotations omitted).

Regarding the first factor, this Court and others nationwide have recognized that a plaintiff's vulnerable immigration status may be properly considered "a matter of sensitive and highly personal nature" warranting the use of a pseudonym.  *Id.* at 211; *see also Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 11725964, at *2 (D. Md. Mar. 17, 2017); *Hisp.*

*Int. Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases). The first factor therefore favors granting Plaintiff's motion.

The second factor also favors Plaintiff. As an initial matter, the Court highlights that Plaintiff's motion inaccurately summarizes the allegations raised in his Complaint. Despite the present motion arguing that Plaintiff "and his son are currently in hiding in Honduras and that there is a further risk to his safety if his status is made publicly available," Plaintiff's Complaint repeatedly states that Plaintiff resides in Maryland with no mention whatsoever of Plaintiff or his son being deported, or that either Plaintiff or his son are not currently present within the United States. *See, e.g.*, ECF No. 1 at 3 ("Plaintiff resides in Ellicott City, Maryland[.]"). In fact, Plaintiff asserts in the paragraph following the above statement that he "is an asylum seeker who is afraid of persecution in Turkey and faces certain harm if he is returned to the country," and Plaintiff's son is mentioned nowhere in his Complaint. (ECF No. 7 at 4; ECF No. 1). Plaintiff's Complaint and present motion nevertheless demonstrate that this factor favors Plaintiff at this early—uncontested—stage in this litigation, as the two collectively allege that Plaintiff was sufficiently connected to a political movement in Turkiye whose members have been persecuted, mistreated, and at times tortured by the Turkish government for their affiliations after being publicly identified.

The third factor does not favor Plaintiff. There is no indication or allegation that Plaintiff himself is a minor. As noted above, neither does the Complaint contain any information or allegations regarding a minor's interests, and Plaintiff's motion is scant on such details.

The fourth factor favors Plaintiff, as actions "against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Univ. of Md. Med. Sys. Corp.*, No. 1:23-CV-03318-JRR, 2024 WL 1604489, at *3 (D. Md. Apr. 12, 2024); *see also N.C. by J.C.*, 2024 WL 1856293, at *3 ("The action

is against a government entity and government actors in their official capacity . . . and thus the fourth factor weighs in favor of allowing the parties to proceed with pseudonyms.").

Finally, there is no apparent unfairness in precluding Plaintiff from proceeding pseudonymously given the above. Notably, Plaintiff represents that he has already contacted Defendants regarding his pending asylum application "and provided the necessary information needed for Defendants to identify Plaintiff." (ECF No. 7 at 2). The Court finds that this factor favors Plaintiff without any further indication that granting Plaintiff's motion will unduly impact Defendants at this time. However, the Court is cognizant that this is at least partly due to the fact that Defendants have yet to appear in this action. The Court will therefore grant Plaintiff's motion, but without prejudice to Defendants to argue this issue (or any other factor weighing against permitting Plaintiff to proceed pseudonymously) once they have appeared in this action. *See, e.g.*, *Doe v. Cnty. of San Joaquin*, No. 2:24-CV-00899-CKD, 2024 WL 1344677, at *1 (E.D. Cal. Mar. 29, 2024).

Accordingly, it is this <u>12th</u> day of <u>August, 2024,</u> by the United States District Court for the District of Maryland, hereby **ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 7) is **GRANTED**. Plaintiff may proceed in this action as "M.A." and the Court will order that any document(s) identifying Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file. This ruling is without prejudice to Defendants to challenge Plaintiff's use of a pseudonym in this proceeding once Defendants have appeared in this action.

/s/
J. Mark Coulson
United States Magistrate Judge